UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELMER FERNANDEZ FERNANDEZ, et al.,

Plaintiffs,

v.

GENERAL MOTORS LLC,

Defendant.

Case No. 26-cv-02492-JST

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

Re: ECF No. 9

Before the Court is Plaintiffs' motion to remand. ECF No. 9. The Court will grant the motion.

## I. BACKGROUND

Plaintiffs Elmer Fernandez Fernandez and Fernandez Masonry, Inc. filed this case against Defendant General Motors LLC in the Superior Court of California for the County of Marin on November 24, 2025. ECF No. 1-1. Plaintiffs bring claims under California's Song-Beverly Consumer Warranty Act arising out of their purchase of a 2024 Chevrolet Silverado EV. The complaint does not allege the purchase price of the vehicle or any other specific measure of damages. Plaintiffs served the complaint on General Motors on November 25, 2025. ECF No. 9-1 at 5–6. General Motors answered the complaint on December 24, 2025. ECF No. 1-2.

On January 30, 2026, Plaintiffs produced to General Motors a copy of the purchase agreement, dated April 9, 2025, showing a total sale price, including financing, of $146,126.76. ECF No. 12-1 ¶ 2; ECF No. 12-2 at 2. On February 23, 2026, Plaintiffs produced a loan payoff letter showing a final payoff amount, as of November 18, 2025, of $114,521.29. ECF No. 12-1 ¶ 4; ECF No. 12-4 at 2.

General Motors removed the case on March 23, 2026. ECF No. 1. Prior to removal, it

reviewed its own records to determine when Plaintiffs presented the vehicle for repairs. ECF No. 12-1 ¶ 3.

Plaintiffs now move to remand on grounds that removal was untimely and that, even if it were timely, the amount in controversy has not been satisfied. ECF No. 9. Plaintiffs do not dispute diversity of citizenship.

## II. LEGAL STANDARD

The removal statute provides two different 30-day statutory periods during which a defendant may remove:

> [T]he first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (quoting 28 U.S.C. §§ 1446(b)(1), (3)). "[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* However, although "defendants need not make extrapolations or engage in guesswork," they must "apply a reasonable amount of intelligence in ascertaining removability," such as "multiplying figures clearly stated in a complaint" to determine the amount in controversy. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (citation modified). To start the clock running for the second thirty-day period, "an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

Sections 1446(b)(1) and (b)(3) "place strict limits on a defendant who is put on notice of removability by a plaintiff." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). But these statutes also "permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Id.* "Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct

United States District Court
Northern District of California

such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Id.*

A "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. In a case premised on diversity jurisdiction, the defendant "must show that 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (quoting 28 U.S.C. § 1332(a)).

**III. DISCUSSION**

This case is on all-fours with a case recently decided by another court in this district, litigated by the same counsel as in this case. In *Garcia Santiago v. General Motors LLC*, the court ruled that General Motors' removal was timely because, although the complaint adequately put General Motors on notice of diversity of citizenship despite alleging only the plaintiff's residency, the complaint "did not trigger the thirty-day removal period" because it "fail[ed] to allege the Vehicle's sales price or any other measure of damages specific to this controversy." No. 26-cv-02508-BLF, 2026 WL 2333350, at *3–4 (N.D. Cal. Aug. 11, 2026). The court further held that production of the sales agreement did not trigger the second thirty-day removal period because that document "alone was insufficient to calculate the statutory offsets [required under the Song-Beverly Act]. Instead, the only apparent papers that could trigger the second removal period under § 1446(b)(3) were the sales agreement together with the loan payoff letter, the latter of which was not produced until February 23, 2026." *Id.* at *5. The court found removal to be timely because "General Motors removed [the] action on March 23, 2026, which was within 30 days of receiving the loan payoff letter." *Id.*

However, the court concluded that General Motors failed to meet its burden of demonstrating the amount in controversy by a preponderance of the evidence. As in this case,

General Motors calculated the actual damages in controversy by starting with the vehicle purchase price and subtracting a mileage offset, "other offsets for optional third-party contracts and manufacturer's rebate," and the amount of unpaid financing.[1] *Id.* at *6. Also as in this case, General Motors argued that "it would be reasonable to estimate at least 12 additional monthly payments . . . prior to resolution of trial and any appeal." *Id.*; *see* ECF No. 12 at 27 ("Given that this matter is unlikely to resolve early, it would be reasonable to estimate at least 12 additional payments of $1,629.15 prior to resolution of trial and any appeal, leaving an estimated $94,971.61 in unpaid financing."). The court explained:

> Although "the amount in controversy is assessed at the time of removal," the Ninth Circuit has cautioned that that "does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy." For example, "[f]uture attorneys' fees awards may be included in determining the amount in controversy." Neither party addresses where statutory offsets fall on this spectrum or cite any authority addressing this specific question. However, the Court need not decide this issue here. Even assuming General Motors is correct and the Court may consider future payments made by Santiago on the Vehicle, it has not met its burden of proof to show by a preponderance of the evidence that it is "reasonable to estimate at least 12 additional monthly payments of $1,164.65 prior to resolution of trial and any appeal." General Motors has not provided any evidentiary basis for this estimate, such as evidence concerning the typical length of a lemon law case. It is purely speculative. Given that it is General Motors' burden to prove that the amount in controversy is met and that, in the Court's experience, lemon law cases typically settle rather than proceeding to trial or appeal, the Court cannot assume that a year's worth of additional payments is a reasonable estimate.
>
> Because General Motors has failed to show by a preponderance of the evidence that the unpaid financing offset is $51,530.79, the Court must rely on the only supported figure that General Motors offers: $65,506.59, as stated in the payoff letter. Using this unpaid financing offset in conjunction with General Motors' other offset calculations, which are uncontested, the estimated actual damages are $17,774.84.

*Id.* (citations omitted). The court therefore concluded that even though the amount in controversy includes civil penalties of double actual damages, and "[e]ven assuming General Motors has adequately shown that attorneys' fees are likely to reach $15,000, . . . that puts the amount in

---

[1] This case does not appear to involve a manufacturer's rebate, but the Court does not find that distinction to be material.

controversy at only $68,324.52 [3 x $17,774.84 + $15,000]." *Id.* at *6–7. The court therefore granted the plaintiff's motion to remand. *Id.* at *7.

This Court finds the above analysis persuasive and concludes that, although General Motors' removal was timely, this case must be remanded because General Motors has not adequately shown the minimum amount in controversy. For the reasons explained by *Garcia Santiago*, the Court relies on the amount of unpaid financing stated in the payoff letter. Even assuming that all of General Motors' other calculations are correct, this makes the amount of actual damages at issue $15,775.19: $146,126.76 (purchase price) - $5,351.28 (mileage offset) - $10,479.00 (offset for optional third-party contracts) - $114,521.29 (unpaid financing). Multiplying by three to take into account the maximum civil penalties brings the amount in controversy to $47,325.57. Even crediting General Motors' attorney's fees estimate of $15,000 would bring the total amount in controversy to only $62,325.57. Because General Motors has not met its burden to show that at least $75,000 is in controversy, the Court grants Plaintiffs' motion to remand.

Plaintiffs request an award of attorney's fees and costs under 28 U.S.C. § 1447(c), ECF No. 9 at 8, but have made no attempt to meet their burden of demonstrating that General Motors "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Accordingly, the Court denies their request.

**CONCLUSION**

Plaintiffs' motion to remand is granted, but their request for attorney's fees and costs is denied. This case is remanded to the Superior Court of California for the County of Marin. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 9, 2026

JON S. TIGAR
United States District Judge